# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | | |
|---|---|---|
| MILLARD L. ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-6078-SSA-CV-SJ-WAK |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Claimant Millard Allen seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. He claims he became disabled beginning on February 1, 2003. The parties' briefs were fully submitted, and on July 2, 2008, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not,

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination.  Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment.  Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989).  The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant.  McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

Plaintiff Millard Allen was born in 1960 and has a Masters Degree in Secondary Education.  He is six feet tall and weighs approximately 215 pounds.  He has never been married.  His relevant work history is as an assistant principal, teacher, coach and youth service specialist.  He lost his last job for reasons unrelated to his medical impairments.

Medical evidences establish that Allen has mild degenerative disc disease of the lumbosacral spine; degenerative joint disease of the bilateral knees; a history of bilateral carpal

tunnel release procedures; mild obesity; intermittent headaches; mild reactive airway disease; an affective disorder; an anxiety-related disorder; a history of impulse-control disorder manifested as gambling and associated financial difficulties; a history of cocaine and marijuana dependence, in remission; and a history of an episode of acute diverticulitis which resolved. The Administrative Law Judge (ALJ) found the combination of these impairments to be severe within the meaning of the Social Security Act. The ALJ also found that plaintiff did not have an impairment or combination of impairments that met or medically equaled one found in 20 C.F.R. pt. 404, Subpt. P, App. 1, Listing of Impairments.

The ALJ did not find plaintiff's allegations to be totally credible and ultimately concluded he was capable of performing a significant range of sedentary work. Based upon testimony from a vocational expert, he listed examples of such work as a security systems monitor, a telephone solicitor and an electronics assembler.

In his request for judicial review, Allen asserts the ALJ erred in finding he did not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, of Regulation No. 4. Allen also claims the ALJ erred in making his credibility determination.

Defendant responds that plaintiff did not meet the listing level criteria because the record does not demonstrate he could not ambulate effectively. Defendant quotes the relevant section which requires a finding that the claimant be unable to ambulate effectively as described in the regulations.

The records do not disclose that plaintiff uses any assistive ambulatory devices. He indicated he was limited in his ability to walk, stand and sit for more than short periods because of pain, and there are medical entries where physicians confirmed that his allegations of pain were credible based upon objective criteria. Nevertheless, there are also entries in the record where plaintiff reported being able to attend church, shop, do his laundry, drive a car, go to the library, go to the gym, lift weights, and ride a stationary bicycle.

This court may not engage in a de novo review of the evidence, but must determine whether there is substantial evidence on the record as a whole to support the ALJ's decision.

In this case, there is substantial evidence on the record as a whole to support the ALJ's conclusion that plaintiff could ambulate effectively and did not meet the listing level criteria.

Plaintiff next challenges the ALJ's credibility findings and expresses concern that the ALJ focused too much on irrelevant issues. Clearly, the ALJ did make comments related to plaintiff's conduct, and appears to have used plaintiff's conduct, to some degree, to assist his evaluation of plaintiff's credibility. The ALJ also noted other inconsistencies in the record related to plaintiff's credibility, such as his inaccurate report of active tuberculosis, his reports to physicians of his daily activities, and his alleged onset date in relation to his medical treatment.

"Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972, (8th Cir. 2000). Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence. Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003). Nevertheless, the ALJ's decision to discredit such complaints must be supported by substantial evidence based upon the record as a whole. Dixon v. Barnhart, 353 F.3d at 605; Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005) (deference to ALJ's credibility determination appropriate if decision supported by good reasons and substantial evidence). Here, there is substantial evidence in the record that plaintiff repeatedly told doctors he was engaging in activities which are inconsistent with his current claim that he has disabling pain and other limitations. He quit working for reasons other than his medical condition, and appears to have been physically and mentally capable of performing that work at the time he stopped. The record does not reveal substantial changes in his physical and mental conditions between the date he stopped working and his alleged onset date.

The issue is not whether plaintiff was experiencing pain during the coverage period, but how severe the pain was and whether it was disabling. Dolph v. Barnhart, 308 F.3d 876, 880 (8th Cir. 2002); Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. (2001); Thomas v. Sullivan, 928 F.2d 255, 259 (8th Cir. 1991).

Further, if the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, the decision must

4

be affirmed. Siemers v. Shalala, 47 F.3d 299, 301 (8th Cir. 1995) (quoting Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992)). Minor errors in the ALJ's findings, such as plaintiff's suspended imposition of sentence being a conviction in Missouri, are not dispositive.

Claimant's pain and other difficulties are not sufficient to merit reversal, however, because the court cannot "reverse the decision even if substantial evidence also supports a different outcome." Stormo v. Barnhart, 377 F.3d 801, 805 (8th Cir. 2004) (citing Fredrickson v. Barnhart, 359 F.3d 972, 976 (8th Cir. 2004)).

Accordingly, it is

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 21st day of July, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge